```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

| | |
|---|---|
| KENDALL L. EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-684 |
| ) | |
| MARSHALL COUNTY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Application to Proceed Without Prepayment of Fees, filed by Plaintiff, Kendall L. Edwards, on October 2, 2006. For the reasons set forth below, the Court **DISMISSES** this case pursuant to 28 U.S.C. section 1915(e)(2)(B)(ii).

BACKGROUND

Kendall L. Edwards, a *pro se* plaintiff, submitted a complaint under 42 U.S.C. section 1983. Edwards alleges that the Marshall Circuit Court has illegally ordered money be taken from his "S.S.I checks." He also alleges that body attachments and the threat of body attachments were used against him.

DISCUSSION

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action .

>     . . fails to state a claim on which relief may
>     be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

Edwards names Marshall County as Defendant, but only the judge of the court could have issued such orders.  Marshall County is not a proper defendant under this set of allegations.  Neither is the judge, because a state court judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors."  *Stump v. Sparkman*, 435 U.S. 439, 359 (1978).  Issuing orders for collection or garnishment, issuing body attachments, and advising litigants that a body attachment could issue are judicial acts within the jurisdiction of the state courts.  Therefore no claim can proceed against the judge.  Finally, it is not within the jurisdiction of this Court to review or reverse these state court orders.  *See Lewis v. Anderson*, 308 F.3d 768, 771-2 (7th Cir. 2002) ("The Rooker-Feldman doctrine [*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)] . . . establish[es] the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions.") If Edwards believes those state court rulings are incorrect, the proper procedure would be to appeal them to the appellate courts in Indiana.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this case pursuant to 28 U.S.C. section 1915(e)(2)(B)(ii).

**DATED:  October 16, 2006**           /s/RUDY LOZANO, Judge
                                       **United States District Court**